
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche Manning | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6056 | **DATE** | 2/27/2003 |
| **CASE TITLE** | Albelo vs. Gateway Chevrolet et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' motion to compel defendant Gateway Chevrolet to answer outstanding discovery [14-1] and defendant Gateway Chevrolet's motion for a protective order [13-1] are granted in part and denied in part. Enter Memorandum Opinion and Order. Ruling on plaintiffs' motion for attorney fees to follow.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 28 2003 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 2/27/2003 | |
| | | | date mailed notice | |
| KF | courtroom deputy's initials | 03 FEB 27 PM 3:43 Date/time received in central Clerk's Office | KF mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED

FEB 2 8 2003

RAMON ALBELO, SR., and )
RAMON ALBELO, JR., )
)
Plaintiffs, )
) No. 02 C 6056
v. )
) Judge Blanche M. Manning
GATEWAY CHEVROLET, and ) Mag. Judge Michael T. Mason
CHASE MANHATTAN BANK, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiffs, Ramon Albelo, Sr. and Ramon Albelo, Jr. sued defendants Gateway Chevrolet and Chase Manhattan Bank (collectively, "defendants" or "Gateway"), regarding alleged problems with the sale of a new Buick. Defendants moved to stay the court proceedings and compel arbitration pursuant to an arbitration agreement allegedly signed by Albelo, Sr.; the plaintiffs contend that Gateway forged Albelo, Sr.'s signature on the arbitration agreement. The District Court agreed to conduct a hearing on the forgery issue before deciding the motion to compel arbitration and ordered the parties to conduct discovery limited only to the issue of whether the arbitration agreement was forged. Before us are cross motions from the parties regarding the proper scope of such discovery. For the following reasons, we grant in part and deny in part plaintiff's motion to compel and grant in part and deny in part defendant's motion for protective order.

Plaintiffs' motion to compel seeks two categories of information. First, they seek information and documentation of "prior bad acts" by Gateway regarding other allegations that Gateway had forged signatures on any contractual documents with any other customer for the past ten years. Second, they ask two interrogatories concerning some of the

29

financing terms for the purchase of the Buick, in order to try to demonstrate that the arbitration clause as a whole, whether forged or not, does not apply in this case. In their motion for protective order, defendants mention these two categories as well as several others: 1) requests asking for all documents they used to answer the interrogatories or requests to admit, or in drafting their motion to stay; 2) information concerning all customers who signed arbitration agreements for the three months prior to the transaction at issue; and 3) a number of requests to admit regarding whether Gateway has been found liable for fraud and whether the documents allegedly signed by the plaintiffs contained certain information and disclosures. Defendant argues that none of this information is relevant to the narrow range of discovery presently permitted by the District Court regarding whether the arbitration agreement at issue in this case was forged or actually signed by Albelo, Sr. and that it would be unduly burdensome to produce.

We agree with the defendants that much of the discovery sought by the plaintiffs at this time is not relevant to the narrow issue of whether Gateway forged Albelo, Sr.'s name on the arbitration agreement. However, we do find that there is some probative value in discovery of formal complaints of forgery, either through court or administrative proceedings, or complaints to state agencies such as the Better Business Bureau, that could bear on the likelihood that Gateway forged a signature in this case.[1] Therefore, we order as follows: 1) Gateway must respond to plaintiffs' interrogatory 14, which asks for an identification of all formal court or administrative complaints of forgery for the last ten years; 2) Gateway must partially respond to plaintiffs' interrogatory 15 by identifying any complaints by customers received through a formal agency such as the Better Business Bureau or the Attorney

---

[1] Defendants do not respond to plaintiffs' argument that such information, especially since it regards allegations of fraud, is relevant under the Federal Rules of Evidence to show motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake. See Fed.R.Evid. 404, 406. Instead, defendants merely argue that it would be unduly burdensome to find and collect such information, if it exists.

2

General's Office; 3) Gateway must produce any documents it has used or referred to in responding to plaintiffs' discovery requests concerning the forgery issue, including those relevant to interrogatories 14 and 15 discussed above, but not those relevant to the motion to stay and compel arbitration[2]; 4) Gateway must produce its complete file on the Buick in question, including the deal jacket (plaintiffs' requests to produce 3 and 4). Gateway does not have to produce any documents or provide any information regarding any informal complaints of forgery (Plaintiffs' interrogatory 12) or regarding all customers who have signed arbitration agreements in the past three months (Plaintiffs' requests to produce 9, 10), nor does it have to respond to interrogatories concerning the terms of the transaction (Plaintiffs' second set of interrogatories 1 and 2), or any of the requests to admit. We find that this information is either wholly unrelated to the question of whether Gateway forged Albelo, Sr.'s name on any document or the requests are unduly burdensome and overbroad. The plaintiffs are entitled to investigate formal complaints of forgery against Gateway and that is all that is relevant and reasonable at this point in the proceeding. It is so ordered.

**ENTER:**

**MICHAEL T. MASON**
**United States Magistrate Judge**

**Dated: February 27, 2003**

---

[2] This includes deal jackets and documents contained therein for any transaction identified in interrogatories 14 and 15.